UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST OPERATING ENGINEERS | ) | |
| WELFARE FUND; MIDWEST OPERATING | ) | |
| ENGINEERS PENSION TRUST FUND; | ) | |
| OPERATING ENGINEERS LOCAL 150 | ) | |
| APPRENTICESHIP FUND; LOCAL 150, | ) | |
| I.U.O.E. VACATION SAVINGS PLAN; | ) | CIVIL ACTION |
| MIDWEST OPERATING ENGINEERS | ) | NO. 13-cv-5547 |
| RETIREMENT ENHANCEMENT FUND; | ) | |
| CONSTRUCTION INDUSTRY RESEARCH | ) | Judge: |
| AND SERVICE TRUST FUND, and | ) | |
| INTERNATIONAL UNION OF OPERATING | ) | |
| ENGINEERS, LOCAL 150, AFL-CIO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HARTFORD & SONS, LLC, and | ) | |
| THOMAS HARTFORD, JR., Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

### **COUNT I**

### **SUIT TO COLLECT FRINGE BENEFITS AND DUES**

1.      This Court has jurisdiction over this action pursuant to the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145; and pursuant to

§ 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185.

2.      Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating

Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Local 150

I.U.O.E. Vacation Savings Plan, Midwest Operating Engineers Retirement Enhancement Fund,

and the Construction Industry Research and Service Trust Fund ("the Funds"), are "employee

welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2) and/or 29 U.S.C. § 186(c)(9).

3.     Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union") is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

4.     Defendant Hartford & Sons, LLC ("the Company" or "Hartford") is an employer within the meaning of ERISA, 29 U.S.C. § 1002(5) and 29 U.S.C. § 152(2).

5.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the parties are located within the geographic jurisdiction of this Court and the Funds are administered in Cook County, Illinois.

6.     Through a Memorandum of Agreement dated January 31, 2007 (Exhibit A), Hartford and Local 150 are parties to a collective bargaining agreement commonly known as the Excavators, Inc. Heavy and Highway and Underground Agreement ("Master Agreement") (excerpts attached hereto as Exhibit B).  Pursuant to that Agreement and the Trust Agreements incorporated by reference, the Company is required to make fringe benefit contributions to the Funds and administrative dues payments to the Union for hours worked by covered employees.

7.     Specifically, as an Employer obligated to make fringe benefit contributions to the Funds under the Master Agreement and Trust Agreements, Hartford is required to:

(a)     Submit for each month a contribution report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Hartford to the Funds, or, if no such persons are employed, to submit a report so stating;

(b)     Accompany those reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

(c)     Compensate the Funds for the additional administrative costs and burdens imposed by untimely payment of contributions through liquidated damages in the amount of ten (10%) percent of any and all late contributions or the sum of twenty

(20%) percent of such contributions should there be further delay in payment as necessitates the filing of a lawsuit by the Funds against Hartford;

(d)      Pay the Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions;

(e)      Furnish to the Funds a bond with good and sufficient surety thereon, in an amount acceptable to the Funds, to cover future contributions due the Funds.

The Employer is also required pursuant to the Master Agreement to submit reports and payments to the Union for administrative dues purposes.

8.      On April 25, 2012, Plaintiffs filed a complaint against Hartford (Case No. 12-cv-3064) for failing to make fringe benefit contributions to the Funds and failing to make administrative dues payments to Local 150, as required by the Master Agreement and Trust Agreements.

9.      On March 7, 2013, the parties entered into a Settlement Agreement resolving the outstanding issues involved in that case ("Settlement Agreement" attached hereto as Exhibit C). Pursuant to that Settlement Agreement, on April 18, 2013, the Plaintiffs dismissed the case.

10.      Pursuant to paragraph 3 of the Settlement Agreement, Hartford is obligated to pay $6,995.21 to the Funds and the Union by the 20th of each month from April 20, 2013 through July 20, 2014. Hartford failed to remit the payment required on July 20, 2013.

11.      Pursuant to paragraph 4 of the Settlement Agreement, Hartford was required to timely pay any fringe benefit contributions and dues that became due to the Funds and the Union during the term of the Settlement Agreement. Hartford did not submit its June 2013 fringe benefit contribution report or payment for contributions on July 10, 2013 as the Master Agreement requires. Hartford also failed to submit its June 2013 dues report or payment to the Union. To date, Hartford has not submitted its June 2013 reports or payments to the Funds or the Union.

12.     Paragraph 5 of the Settlement Agreement provides that Thomas Hartford, Jr. shall be personally liable for any amounts owed by the Employer.  The Settlement Agreement further provides that where the Employer Hartford breaches the payment plan, the Funds are entitled to revoke their agreement to the payment plan contained in paragraph 2 of the Agreement and that both Hartford & Sons the Employer and Thomas Hartford, Jr., individually, consent to the entry of judgment against them.

13.     By letter dated July 30, 2013, Plaintiffs demanded that Defendant Hartford & Sons perform its obligations stated above, but the Company has failed and refused to so perform.

14.     That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Hartford, there is a total of $205,594.02 due the Funds from Hartford, and additional sums associated with June 2013 contributions, and subject further to the possibility that additional contributions, interest and liquidated damages will come due during the pendency of this lawsuit.

15.     That upon careful review of all records maintained by Local 150, and after application of any and all partial payments made by Hartford, there is a total of $2,882.10 known to be due Local 150 from the Company and additional sums associated with June 2013 dues and subject further to the possibility that additional payments will become due during the pendency of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Enter judgment in favor of Plaintiffs and against Defendant for all unpaid contributions, administrative dues, liquidated damages, Plaintiffs' reasonable attorneys' fees and costs;

B.      Permanently enjoin Defendant to perform specifically its obligations under the Settlement Agreement, and in particular, to continue submitting the required reports and contributions due thereon in a timely fashion as required by the plans and the collective bargaining agreement and Trust Agreements;

C.    Award Plaintiffs such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

**COUNT II**

**SUIT TO ENFORCE PERSONAL GUARANTEE**

1.    This Court has jurisdiction over this Count pursuant to Section 301 of the LMRA, and the Court also has supplemental jurisdiction over this Count II of the Complaint under 28 U.S.C. § 1367.

2.-4.    Plaintiffs restate and reallege paragraphs 2-4 of Count I of their Complaint as if fully set forth in Count II herein.

5.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) of the LMRA because the parties are located within the geographic jurisdiction of this Court; and because the Settlement Agreement was executed in Cook County, Illinois.

6.-15.    Plaintiffs restate and reallege paragraphs 6 - 15 of Count I of their Complaint as if fully set forth in Count II herein.

16.    Defendant, Thomas Hartford, Jr., individually, is a principal in the Illinois Corporation Hartford & Sons, LLC.

17.    As noted in the preceding paragraphs, Defendant Thomas Hartford, Jr. agreed to be personally liable for the amounts owed the Funds and the Union pursuant to the Settlement Agreement (Exhibit C at paragraph 5).

18.    Therefore, because the Employer, Hartford & Sons, LLC has failed and refused to make payments owed to Plaintiffs, Thomas Hartford Jr. is liable for all amounts presently owed to the Funds and the Union as a co-defendant.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment in favor of the Plaintiffs and against Thomas Hartford, Jr. for all amounts due the Funds and the Union including reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein;

B.     Order Thomas Hartford, Jr. to submit all outstanding amounts immediately;

C.     Issue a writ of attachment against all real and personal property owned by Defendant Thomas Hartford, Jr.

D.     Order Defendant Thomas Hartford, Jr. to furnish the Plaintiffs with such further relief as may be deemed just and equitable by the Court, all at Defendant Thomas Hartford, Jr.'s cost.

Dated: August 2, 2013

Respectfully submitted,                          Respectfully submitted,

By:     /s/ Dale D. Pierson                       By:     /s/Steven A. Davidson
One of the Attorneys for The Funds                Attorney for IUOE Local 150

Attorneys for The Funds:                          Attorney for IUOE Local 150:
Dale D. Pierson                                   Steven A. Davidson
Steven A. Davidson                                IUOE Local 150 Legal Dept.
Institute for Worker Welfare, P.C.                6140 Joliet Road
6141 Joliet Road                                  Countryside, IL 60525
Countryside, IL 60525                             Ph: (708) 579-6663
Ph: (708) 579-6613                                Fx.: (708) 588-1647
Fx: (708) 588-1647                                sdavidson@local150.org
dpierson@local150.org
sdavidson@local150.org